UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MOSQUEDA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,[1]<br><br>　　　　　　Defendant. | Case No. EDCV 16-00169-JAK (DTB)<br><br>ORDER SUMMARILY DISMISSING ACTION |

On January 28, 2016, plaintiff, through counsel, filed a Complaint for Review of Final Decision of the Commissioner of Social Security herein. On February 2, 2016, the Court issued its Case Management Order. Plaintiff filed a Proof of Service on February 25, 2016, and consented to the Magistrate Judge on the same date. On September 14, 2016, defendant filed an Answer herein. Thereafter, on October 24, 2016, plaintiff's counsel, Lawrence D. Rohlfing filed a Motion to Withdraw as Attorney of Record. Despite being afforded an opportunity to respond, plaintiff failed to response to the Motion to Withdraw. As such, the Court granted the Motion to Withdraw on December 6, 2016. Lawrence D. Rohlfing was relieved as counsel of

---

[1] The Court substitutes in the proper defendant. Fed. R. Civ. P. 25(d).

1

record. The matter was stayed and plaintiff was ordered to advise the Court on or before December 27, 2016 of her desire to proceed in pro per or her desire to seek new counsel. As plaintiff failed to respond to the Court, the Court presumed that plaintiff intended to proceed pro se, representing herself in this action. The stay of this matter was lifted on January 6, 2017. On that same date, the Court issued an Order re Further Proceedings, ordering the parties to file and serve memorandums in support of the Complaint and Answer. As plaintiff failed to timely file her memorandum in support of the Complaint, on February 21, 2017, the Court issued an Order to Show Cause ordering her to either (a) show good cause in writing, if any exists, why the Court should not recommend that this case be dismissed for lack of diligent prosecution and/or failure to comply with the Court's prior Order; or (b) file her memorandum in support of the complaint, as well as a proof of service reflecting such service.

Plaintiff has failed to timely file her memorandum in support of the Complaint, as well as a response to the Court's Order to Show Cause.

Thus, this matter is now ready for decision. For the reasons discussed below, the Court recommends that the action be dismissed without prejudice for failure to prosecute.

## DISCUSSION

The Court has inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute and/or failure to comply with a Court order. See Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Fed. R. Civ. P. 41(b).

In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) [T]he public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." See <u>Carey</u>, 856 F.2d at 1440.

In <u>Carey</u>, the Ninth Circuit observed that "[i]t would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." (<u>Id</u>. at 1441.)

Here, the Court finds that the first, second and fifth <u>Carey</u> factors militate in favor of dismissal. As a result of plaintiff's failure to file her memorandum in support of the Complaint, this action has been and will continue to be stalemated. Moreover, it does not appear to the Court that there are any less drastic sanctions available for the Court to impose. While the Court finds that the third and fourth <u>Carey</u> factors do not militate in favor of dismissal, the Court has concluded that the other three factors in this instance outweigh the third and fourth factors.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment be entered dismissing this action without prejudice for plaintiff's failure to prosecute.

DATED: April 10, 2017

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE